UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>                 Plaintiff,<br><br><br>     vs.<br><br>BOB DOOLEY, CHIEF WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; JENIFER STANWICK, DEPUTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; REBECCA SCHIEFFER, ASSOCIATE WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; SUSAN JACOBS, ASSOCIATE WARDEN, OFFICIAL AND INDIVIDUAL CAPACITY; TAMMY DEJONG, UNIT STAFF, OFFICIAL AND INDIVIDUAL CAPACITY; AND  OTHER DOC STAFF, UNKNOWN AT THIS TIME, INDIVIDUAL AND OFFICIAL CAPACITIES;<br><br>                 Defendants. | 4:14-CV-04183-LLP<br><br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND SET DEADLINES<br><br>DOCKET NO. 42 |

This matter is before the court on plaintiff Rex Gard's *pro se* amended complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et. seq.  See Docket Nos. 1 & 22.  Defendants have filed a motion seeking an order from the court staying discovery in this matter until such time as they are able to file a dispositive motion on the defense of qualified immunity.  See Docket No. 42.

In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Gard must show (1) defendants acted under color or state law and (2) " 'the alleged wrongful conduct deprived him of a constitutionally protected federal right.' " Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).  A prisoner claiming a RLUIPA violation must show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion.  Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 988 (8th Cir. 2004); 42 U.S.C. § 2000cc-2(b).

RLUIPA does not waive the sovereign or 11th Amendment immunity of states for money damages claims.  Sossamon v. Texas, 563 U.S. 277, 285-88 (2011); Van Wyhe v. Reisch, 581 F.3d 639, 655 (8th Cir. 2009).  Therefore, no claim lies against the state itself for money damages under RLUIPA, nor will a claim for money damages lie against an individual state official sued in his or her official-capacity.  Id.  Furthermore, RLUIPA does not provide a claim against state officials in their individual capacities for money damages.  Sisney v. Reisch, 533 F. Supp. 2d 952, 968 (D.S.D. 2008), reversed, sub nom, on other grounds, Van Wyhe, 581 F.3d 639.  Cf. Sossamon, 563 U.S. at 289 (stating "[t]he question here is not whether Congress [in enacting RLUIPA] has given clear direction that it intends to *exclude* a damages remedy, but whether Congress has given clear direction that it intends to *include* a damages remedy.") (citation omitted).  Therefore, the only claim allowed Mr. Gard on his RLUIPA claim is a claim for injunctive relief against defendants who are sued in their official capacities.  Id.

Qualified immunity protects government officials sued in their *individual* capacities from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Therefore, since RLUIPA does not encompass claims against officials who are sued in their *individual* capacities, qualified immunity does not apply to RLUIPA claims. Sisney, 533 F. Supp. 2d at 968; Sossamon, 563 U.S. at 289.

Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Stanton v. Sims, ___ U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). "'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.'" Stanton, 134 S. Ct. at 5. "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter, 502 U.S. at 229).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818); Hunter, 502 U.S. at 229. Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Crawford-El, 523 U.S. at 598. Even then, the Court has pointed out that FED. R. CIV. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of requests to admit, to bar discovery

4

on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence.  Id.

Here, defendants have asserted the affirmative defense of qualified immunity.  See Docket No. 26 at p. 4.  That defense, however, is inapplicable to Mr. Gard's RLUIPA claim.  Defendants seek a stay of all discovery until August 22, 2016, so they can file a motion seeking summary judgment on their qualified immunity defense, which only applies to Mr. Gard's § 1983 claims. Balancing the need for discovery to go forward on the RLUIPA claim against defendants' right to have an early determination of the qualified immunity defense under the above-discussed case law, the court concludes a stay is appropriate, but not for the length of time defendants request, which is some six months hence.  Based on the foregoing, the court hereby

ORDERS that defendant's motion to stay [Docket No. 42] is granted. Defendants shall file their motion based on the qualified immunity defense as soon as possible, but no later than May 2, 2016.

DATED this 29th day of February, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge

5